JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-3423

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GWENDOLYN HALL, *on behalf of herself and others similarly situated*

## DEFENDANTS
ACCOLADE, INC.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*: Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025; (215) 884-2491.

Attorneys *(If Known)*: Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | [X] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | **IMMIGRATION** | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | 462 Naturalization Application | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 201, et. seq. – FAIR LABOR STANDARDS ACT

Brief description of cause: Failure to pay overtime wages.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

AUG - 1 2017

DATE: 7/31/17

SIGNATURE OF ATTORNEY OF RECORD: *Peter Winebrake* — PETER WINEBRAKE

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2522 Regatta Circle, Norristown, PA 19401

Address of Defendant: 660 West Germantown Pike, Suite 250, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: Plymouth Meeting, PA (Montgomery County)
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☐  UNKNOWN

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FAIR LABOR STANDARDS ACT

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, PETER WINEBRAKE, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/31/17   _____   80496
             Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/31/17   _____   80496
             Attorney-at-Law        Attorney I.D.#

AUG - 1 2017

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

GWENDOLYN HALL             :        CIVIL ACTION
           v.              :
ACCOLADE, INC.             :        NO. 17   3423

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(X) Standard Management – Cases that do not fall into any one of the other tracks.

7/31/17        PETER WINEBRAKE          PLAINTIFF
Date           Attorney-at-law          Attorney for

215-884-2491   215-884-2492             pwinebrake@winebrakelaw.com
Telephone      FAX Number               E-Mail Address

(Civ. 660) 10/02

AUG -1 2017

**Winebrake & Santillo, LLC**
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

**Hardwick Benfer, LLC**
Tiffanie C. Benfer, Esq.
Jill L. Walsh, Esq.
179 North Broad Street
Doylestown, PA 18901
(215) 230-1912

17   3423

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN HALL, *on behalf of herself and others similarly situated*, <br> Plaintiff, | : CIVIL ACTION <br> : <br> : NO. _____ <br> : |
| v. | : JURY TRIAL DEMANDED <br> : |
| ACCOLADE, INC., <br> Defendant. | : <br> : <br> : |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Gwendolyn Hall ("Plaintiff") brings this lawsuit against Defendant Accolade, Inc. ("Defendant"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq. Plaintiff asserts her FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts her PMWA claim as a class action under Federal Rule of Civil Procedure 23.

### JURISDICTION AND VENUE

1. Subject matter jurisdiction over the FLSA claim exists pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331.

2. Subject matter jurisdiction over the PMWA claim exists pursuant 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Norristown, Pennsylvania (Montgomery County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporation headquartered in Plymouth Meeting, Pennsylvania (Montgomery County).

7. Defendant is an employer covered by the FLSA because, *inter alia*, it employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce. Defendant also is an employer covered by the PMWA because it is a corporation and directly employed Plaintiff and others within Pennsylvania.

## FACTS

8. Defendant provides health insurance administration services to insurance companies and self-insured corporate clients.

9. Defendant employs hundreds of Health Assistants who either work from home or from Defendant's call centers in Pennsylvania, Arizona, and Washington. These Health Assistants generally handle customer service telephone calls from employees and other beneficiaries of the health insurance plans offered by Defendant's customers.

10. Plaintiff was employed by Defendant as a Health Assistant from April 2, 2012 through February 7, 2017.

11. Within the past three years, Plaintiff worked both from her home and from Defendant's Plymouth Meeting, PA call center.

12. Plaintiff and other Health Assistants often work over 40 hours per week.

13. Prior to November 28, 2016, Defendant maintained a company policy of not paying Health Assistants overtime premium compensation for hours worked over 40 per week. Defendant maintained this policy even though, during the pre-November 2016 time period, Health Assistants frequently worked over 40 hours per week. For example, Plaintiff estimates that, prior to November 28, 2016, she worked between 40 and 50 hours during a typical 5-day workweek.

14. On November 28, 2016, Defendant changed its company policy and started paying Health Assistants overtime premium compensation for hours worked over 40 per week. Unfortunately, under this new policy, Defendant fails to give Health Assistants payroll credit for all of their overtime work. For example, Health Assistants received five minutes credit each day to account for time required to log in to the systems, but the log in process took on average 5-15 minutes daily. This ongoing payroll practice results in Health Assistants receiving no compensation for some of their overtime work. For example, Plaintiff estimates that, during the week ending February 3, 2017, she worked approximately 44.25 hours. However, Defendant paid Plaintiff for only 43.72 hours.

15. In engaging in the conduct described above, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE AND CLASS ALLEGATIONS

16. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals, who, during any time within the past three years, have been employed by Defendant

in the United States as Health Assistants.

17. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Plaintiff brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals, who, during any time within the past three years, have been employed by Defendant in Pennsylvania as Health Assistants.

19. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

20. The class, upon information and belief, includes hundreds of individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

21. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

23. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's common timekeeping and compensation practices, as described herein. The legality of these policies will be determined through the application of common legal principles to common facts.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3)

4

because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA requires that employees receive overtime compensation calculated at 150% of their regular pay rate for hours worked over 40 per week.

27. Defendant violated the FLSA by failing to pay Plaintiff and other Health Assistants for (i) any of their overtime work prior to approximately November 28, 2016 and (ii) some (but not all) of their overtime work after approximately November 28, 2016.

28. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT II
### (Alleging Violations of the PMWA)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The PMWA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.

31. Defendant violated the PMWA by failing to pay Plaintiff and other Health Assistants for (i) any of their overtime work prior to approximately November 28, 2016 and (ii) some (but not all) of their overtime work after approximately November 28, 2016.

## JURY DEMAND

Plaintiff demands a jury trial.

5

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Orders permitting this action to proceed as a collective and class action;

B. Unpaid wages (including overtime wages) and prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorney's fees; and

E. Such other and further relief as the Court deems just and proper.

Date: July 31, 2017                    Respectfully,

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Tiffanie C. Benfer, Esq.
Jill L. Walsh, Esq.
Hardwick Benfer, LLC
179 North Broad Street
Doylestown, PA 18901
(215) 230-1912

*Attorneys for Plaintiff*

6