## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN HALL, on behalf of herself and
those similarly situated                 :

                                           :

                                           :        CIVIL ACTION

                              Plaintiff,      :

                                           :

                    v.                        :        NO. 17-3423

                                           :

ACCOLADE, INC.                            :

                                           :

                               Defendant     :

## DEFENDANT'S ANSWER TO
## COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Accolade, Inc. ("Defendant"), through its undersigned counsel, hereby answers the Complaint – Class/Collective Action ("Complaint") filed by Plaintiff, Gwendolyn Hall ("Plaintiff"), on behalf of herself and those similarly situated. The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint.

### INTRODUCTORY PARAGRAPH

Defendant admits only that Plaintiff brought this action for alleged violations of the Fair Labor Standards Act ("FLSA"), and the Pennsylvania Minimum Wage Act ("PMWA"). Defendant denies the remaining allegations in the Introductory Paragraph of the Complaint, and specifically denies that it has violated either of the above mentioned laws.

### JURISDICTION AND VENUE

1.      Denied as a conclusion of law, except that it is admitted that Plaintiff seeks to invoke this Court's jurisdiction over her FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Denied as a conclusion of law, except that it is admitted that Plaintiff seeks to invoke this Court's jurisdiction over her PMWA claim pursuant to 28 U.S.C. § 1367.

3.    Denied as a conclusion of law, except that it is admitted that Plaintiff purports to assert venue in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint and, therefore, they are denied.

5.    Denied as a conclusion of law.

6.    It is admitted only that Defendant is a corporation that has an office at Plymouth Meeting, Pennsylvania, which is in Montgomery County.  The remaining allegations in Paragraph 6 are denied.

7.    It is admitted only that Defendant is a corporation and that it employed Plaintiff and others in Pennsylvania.  The remaining allegations are conclusions of law to which no response is required and, therefore, they are denied.  To the extent that any of the remaining allegations in Paragraph 8 are considered to be factual, they are denied.

## FACTS

8.    Denied.

9.    It is admitted only that Defendant employs individuals in the position of Health Assistant, that some Health Assistants work at Defendant's facilities in Pennsylvania or Arizona, or work from home, and that the Health Assistants interact with employees and their dependents who are members of a health plan administered by Defendant's customers.  The remaining allegations in Paragraph 9 are denied.

10.    Admitted.

2

11.     Admitted only as to the allegation that Plaintiff worked from both her home and from Defendant's Plymouth Meeting location, but otherwise denied as to the allegation that Defendant operates a "call center."

12.     Denied.

13.     It is admitted only that, prior to November 28, 2016, Health Assistants were paid on a salary basis and were classified as exempt employees and therefore not eligible for overtime pay.  The remaining allegations in Paragraph 13 are denied.

14.     It is admitted only that, effective November 28, 2016, Defendant changed its method of payment to Health Assistants from salary to hourly, and reclassified them as non-exempt employees eligible for overtime pay for hours worked over 40 per week.  The remaining allegations in Paragraph 14 are denied.

15.     Denied as a matter of fact and a conclusion of law.

## COLLECTIVE AND CLASS ALLEGATIONS

16.     Denied, except it is admitted that Plaintiff purports to bring her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of "all individuals, who, during any time within the past three years, have been employed by Defendant in the United States as Health Assistants."  The existence of any such group is expressly denied, and Defendant denies that Plaintiff, or any group she purports to represent, is entitled to any relief whatsoever.  Defendant also expressly denies that Plaintiff is entitled or qualified to pursue this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b), denies that Plaintiff can satisfy the requirements for a collective action, and denies that any such collective action would encompass "any time within the past three years."  Defendant further denies that it violated the FLSA with respect to Plaintiff or any member of the group of individuals she purports to represent.

3

17.     The allegations in Paragraph 17 are conclusions of law to which no response is required and, therefore, they are denied.  To the extent that the allegations are considered to be factual, they are denied.

18.     Denied, except it is admitted that Plaintiff purports to bring her PMWA claim pursuant to Federal Rule of Civil Procedure 23 on behalf of "all individuals, who, during any time within the past three years, have been employed by Defendant in Pennsylvania as Health Assistants."  The existence of any such group is expressly denied, and Defendant denies that Plaintiff, or any group she purports to represent, is entitled to any relief whatsoever. Defendant also expressly denies that Plaintiff is entitled or qualified to pursue this action as a class action pursuant to Federal Rule of Civil Procedure 23, denies that Plaintiff can satisfy the requirements for a class action, and denies that any such class action would encompass "any time within the past three years."  Defendant further denies that it violated the PMWA with respect to Plaintiff or any member of the group of individuals she purports to represent.

19.     The allegations in Paragraph 19 are conclusions of law to which no response is required and, therefore, they are denied.

20.     Denied as a matter of fact and a conclusion of law.

21.     Denied as a matter of fact and a conclusion of law.

22.     Denied as a matter of fact and a conclusion of law.

23.     Denied as a matter of fact and a conclusion of law.

24.     Denied as a matter of fact and a conclusion of law.

## COUNT I
### (Alleging Violations of the FLSA)

25.     In response to Paragraph 25 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.     The allegations in Paragraph 26 are conclusions of law to which no response is required and, therefore, they are denied.

27.     Denied as a matter of fact and a conclusion of law.

28.     Denied as a matter of fact and a conclusion of law.

## COUNT II
### (Alleging Violations of the PMWA)

29.     In response to Paragraph 29 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.     The allegations in Paragraph 30 are conclusions of law to which no response is required and, therefore, they are denied.

31.     Denied as a matter of fact and a conclusion of law.

## JURY DEMAND

The paragraph entitled "jury demand" does not contain allegations to which a response is required.

## PRAYER FOR RELIEF

As to Plaintiff's Prayer for Relief clause, inclusive of subparagraphs A through E, Defendant denies the appropriateness or permissibility of the relief sought therein and further denies that Plaintiff is entitled to any relief and/or damages.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims in the Complaint are barred, in whole or in part, by applicable statutes of limitation.

5

**Third Affirmative Defense**

The claims in the Complaint are barred to the extent that any actions and/or omissions of Defendant were in good faith and in conformity with or reliance on administrative rules, regulations, orders, approval, interpretation, practice or enforcement policy and/or judicial orders and interpretations.

**Fourth Affirmative Defense**

The claims in the Complaint are barred to the extent that Defendant did not knowingly, willfully, and/or with malicious intent engage in any misconduct or violation of applicable law.

**Fifth Affirmative Defense**

The claims in the Complaint are barred to the extent that Defendant has at all times engaged in good faith efforts to comply with applicable law, and with reasonable belief that it was so complying, and any violation by Defendant was inadvertent and not willful or reckless and, consequently, Defendant is not liable for liquidated damages, and application of a three-year statute of limitations is not warranted under the FLSA or PMWA.

**Sixth Affirmative Defense**

The claims in the Complaint are barred to the extent that any actions of Defendant were taken in good faith and were based upon reasonable grounds for believing that Defendant's conduct was not in violation of the FLSA or PMWA.

**Seventh Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, by the *de minimis* doctrine.

6

**Eighth Affirmative Defense**

The claims in the Complaint are barred to the extent that no compensable damages were suffered.

**Ninth Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, to the extent that they seek compensation in this action for other than compensable working time.

**Tenth Affirmative Defense**

The claims in the Complaint fail because at all times Plaintiff and/or the putative class members have been paid all compensation due and owing in accordance with requirements of all applicable law.

**Eleventh Affirmative Defense**

The claims in the Complaint are barred, or damages should be reduced, to the extent that Plaintiff and/or the putative class members were paid extra compensation which is creditable towards, or a setoff against, the additional compensation sought in this action, pursuant to 29 U.S.C. § 207(h) or otherwise.

**Twelfth Affirmative Defense**

The claims in the Complaint are barred to the extent that any of the putative class members are exempt from the overtime pay provisions of the FLSA pursuant to the exemptions under 29 C.F.R. Part 541, including but not limited to, the executive, administrative, professional and/or computer exemption.

### Thirteenth Affirmative Defense

The claims in the Complaint are barred to the extent that Defendant did not suffer or permit Plaintiff and/or the putative class members to work any overtime for which she/they were not paid.

### Fourteenth Affirmative Defense

This case may not be maintained as a collective action because the named Plaintiff is not similarly situated to or otherwise an adequate representative for the persons whom she purports to represent, and she cannot establish the existence of each requirement under 29 U.S.C. § 216.

### Fifteenth Affirmative Defense

The types of claims alleged by Plaintiff, on behalf of herself and the group of persons which she purports to represent, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

### Sixteenth Affirmative Defense

Some or all of the claims asserted in the Complaint are unsuitable for class or collective treatment because the prosecution of separate actions by members of the group of persons Plaintiff purports to represent would not create a risk of adjudications with respect to proposed class members which would as a practical matter be dispositive of the interests of the other proposed class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

### Seventeenth Affirmative Defense

Some or all of the claims asserted in the Complaint are barred because a class or collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

### Eighteenth Affirmative Defense

Plaintiff lacks standing to raise some or all of the claims of the alleged group of persons which she purports to represent, the existence of which is expressly denied.

### Nineteenth Affirmative Defense

The claims in the Complaint are barred in whole or in part by accord and satisfaction, consent, waiver, estoppel or the doctrine of laches.

### Twentieth Affirmative Defense

Whenever Defendant states in words of substance in this Answer to Complaint with Affirmative Defenses that it is without information sufficient to form a belief as to the truth of any allegation, such statement has the effect of a denial, in accordance with the Federal Rules of Civil Procedure.

### Twenty-First Affirmative Defense

Defendant reserves the right to assert additional affirmative defenses as they become available during the course of this pending litigation.

WHEREFORE, Defendant demands judgment in its favor:

(a)     dismissing the Complaint;

(b)     awarding Defendant its costs, expenses, experts' fees, and reasonable attorneys' fees; and

(c)     awarding Defendant such other and further relief to which it may be

entitled.


Dated: September 20, 2017                    By: */s/ Tracey E. Diamond*
                                             Thomas J. Cole (Pa. I.D. No. 56979)
                                             Christopher J. Moran (Pa. I.D. No. 68142)
                                             Tracey E. Diamond (Pa. I.D. No. 83221)
                                             PEPPER HAMILTON LLP
                                             3000 Two Logan Square
                                             Eighteenth & Arch Streets
                                             Philadelphia, PA  19103-2799
                                             ***Attorneys for Defendant***
                                             ***Accolade, Inc.***

10

## CERTIFICATE OF SERVICE

I, Tracey E. Diamond, hereby certify that on September 20, 2017 a true and correct copy of the foregoing Answer to Complaint with Affirmative Defenses was served via the court's electronic filing system upon the following:

> Peter Winebrake, Esquire
> R. Andrew Santillo, Esquire
> Mark J. Gottesfeld, Esquire
> Winebrake & Santillo, LLC
> 715 Twining Road, Suite 211
> Dresher, PA 19025
>
> Jill L. Walsh, Esquire
> Tiffanie C. Benfer, Esquire
> Hardwick Benfer LLC
> 179 N. Broad Street
> Doylestown, PA 18901

*/s/ Tracey E. Diamond*
Tracey E. Diamond

11