IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GWENDOLYN HALL, on behalf of herself and all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>ACCOLADE, INC.<br>*Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br><br><br>No. 17-3423 |

## ORDER

AND NOW, this 2·4th day of March, 2020, upon consideration of Plaintiff Gwendolyn Hall's Unopposed Motion for Certification of the Settlement Class/Collective, Final Approval of the Class/Collective Settlement, and Other Associated Relief (Doc. No. 93), the accompanying Class/Collective Action Settlement Agreement (Doc. No. 93-1), the accompanying Declarations of Peter Winebrake (Doc. No. 93-2), Tiffanie Benfer (Doc. No. 93-3), and Robert Hyte (Doc. No. 93-4), the accompanying memorandum of law (Doc. No. 93-5), the oral argument thereon held on March 3, 2020, and all other papers and proceedings herein, it is **ORDERED** that the Motion is **GRANTED** as follows:

1. The Court **CERTIFIES A SETTLEMENT CLASS** of all individuals other than Cecilia Fitz and Kelly Maines (both of whom have excluded themselves from the settlement) employed by Defendant Accolade, Inc. in Pennsylvania in the Health Assistant job title during any week between August 1, 2014 and November 27, 2016. This settlement class consists of 301 individuals (46 of whom also are included in the FLSA collective described in Paragraph 2 below) and satisfied Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3)'s additional requirements that common

1

questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

2. The Court **CERTIFIES A FAIR LABOR STANDARDS ACT ("FLSA") COLLECTIVE** comprised of the 63 individuals (including Plaintiff) who previously joined this action by filing Consent to Join forms with the Court.[1] Certification of the Collective is appropriate under 29 U.S.C. § 216(b) because these individuals are "similarly situated" based upon the factors described in *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527 (3d Cir. 2012).

3. The settlement requires Accolade, Inc. to pay $1,095,826.05. The settlement fund will be distributed as follows: (i) $720,826.05 will be paid to the class/collective members described in Paragraphs 1-2 above; (ii) $12,000.00 will be paid as service awards; and (iii) $363,000.00 will be paid to class counsel to cover attorneys' fees and expenses (including) third-party settlement administration expenses. The Court finds the payments to the class members described in Paragraph 1 above to be "fair, reasonable, and adequate" under the criteria described in Fed. R. Civ. P. 23(e)(2), and finds the payments to the FLSA collective members described Paragraph 2 above to represent a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Morris v. Public Health Management Corp.*, 2019 U.S. Dist. LEXIS 201724, *1-2 (E.D. Pa. Nov. 19, 2019) (internal citations omitted). Therefore, the Court **APPROVES** the $720,826.06 in payments to the class and collective members described in Paragraphs 1 and 2 above and **APPROVES** the waiver of the FLSA claims of the collective members described in Paragraph 2.

---

[1] Forty-six (46) of these individuals also are covered by the proposed Rule 23 class.

4.  The Court **APPROVES** the payment of a $10,000.00 service award to Plaintiff Hall and $1,000.00 service awards to JaCarla Royall and Denise Belcher.

5.  The Court **APPOINTS** the law firms of Winebrake & Santillo, LLC and Hardwick Benfer, LLC to serve as class counsel. The record establishes that these firms are qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

6.  The Court **APPROVES** the payment of $363,000.00 to class counsel. As evidenced by the declarations of Peter Winebrake and Tiffanie Benfer, this amount will reimburse all class counsel for reasonable litigation and settlement administration expenses totaling $21,910.55, and the remaining $341,089.45 is attributable to attorneys' fees. This fee payment – which amounts to 31.1% of the total $1,095,826.05 settlement fund – falls within the range of fee awards in other class action settlements. *See Williams v. Aramark Sports, LLC*, 2011 U.S. Dist. LEXIS 103173, *31-32 (E.D. Pa. Sept. 9, 2011). Also, the fee award is supported by the factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n.1 (3d Cir. 2000) and *In re Prudential Insurance Company America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). In addition, the fee payment falls below class counsel's purported combined fee lodestar utilizing the attorney rates described in the current version of the fee schedule published by Community Legal Services of Philadelphia.

7.  This action is **DISMISSED WITH PREJUDICE**. The Court will maintain jurisdiction over the enforcement of the settlement.

BY THE COURT:

_/s/ Gene E.K. Pratter_
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE